Submitted on briefs July 14, affirmed October 4, 1927.

## P. S. SEABROOK ET AL. *v.* FOLEY BOX FACTORY.

(259 Pac. 890.)

**Logs and Logging—Evidence of Timber Cut and Hauled by Individual Laborers Held Admissible on Issue of Timber Cut Under Contract.**

1. In action on contract for cutting and hauling timber involving issue as to amount cut, it was not error to admit testimony showing amount of timber cut by an individual laborer and paid for and amount hauled by truck driver to defendant's factory.

**Logs and Logging—In Action on Contract for Cutting and Hauling Timber, Evidence of Amount Delivered at Defendant's Mill Held Admissible.**

2. In action on contract for cutting and hauling timber, evidence as to amount of logs delivered at defendant's mill, founded in part on actual scale of logs and on count of those remaining on land, *held* admissible.

**Evidence—Evidence That Before Making of Contract Sued upon Plaintiffs had Another Similar Contract Held Inadmissible.**

3. In action on contract for cutting and hauling timber, evidence that before the contract in suit was made the parties had had another similar contract *held* properly rejected.

**Logs and Logging — In Action on Contract for Cutting and Hauling Timber, Denial of Partial Nonsuit Held not Error.**

4. In action on contract for cutting and hauling timber, denial of defendant's motion for nonsuit as to particular cause of action seeking recovery for timber cut and undelivered and for loss of profits *held* not error, court having instructed against recovery of lost profits.

Appeal and Error, 4 **C. J.**, p. 969, n. 56.
Contracts, 13 **C. J.**, p. 797, n. 55.
Logs and Logging, 38 **C. J.**, p. 191, n. 75.

From Tillamook: George R. Bagley, Judge.

In Banc.

This is an action upon a contract for cutting and hauling timber. Upon a trial before the court and a jury a verdict of $369.46 was rendered in favor of plaintiff. Defendant appeals from a resulting judgment.

In the complaint the plaintiffs assert that plaintiffs were employed to cut all the spruce timber on a certain tract of land and deliver the logs at defendant's factory for $10 per thousand; that defendant designated, as per agreement, 523,000 feet of timber to be cut and plaintiff cut 323,000 feet, and defendant received the same at its mill, except 100,000 feet which was cut at a reasonable expense of $200, and left upon the ground, which defendant refused to accept; and defendant breached its contract and notified plaintiffs not to deliver any more timber.

In the first cause of action plaintiffs demanded $858.70 as a balance unpaid for the logs delivered with interest. In the second cause of action plaintiffs claim $200 damages for cutting the 100,000 feet of

logs undelivered, and damages for loss of profits of $5.80 per thousand on 300,000 feet of logs, which they aver defendant refused to accept, according to the contract, and amounting to $1,725.00.    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Botts & Winslow.*

For respondents there was a brief over the name of *Mr. W. O. Sims.*

BEAN, J.—Upon the trial the real difference was as to the character of the timber which affected the scale of the logs. Plaintiffs testified that they and their helper scaled the logs and that 223,000 feet were delivered at defendant's mill, and that 100,000 feet was cut and rejected; all of which had been selected by defendant as good merchantable timber. Defendant pleaded and its witnesses testified that the plaintiffs delivered only 159,570 feet of logs for which they paid plaintiffs and that the remainder was unmerchantable timber and not according to the contract, and for that reason some of it was rejected, but that it rejected no merchantable lumber; that defendant scaled the logs at the mill.

1. As a ground of error defendant claims that P. S. Seabrook one of plaintiffs, as a witness, testified that he and plaintiffs' helper scaled the logs, 323,000 feet, and over defendant's objection their witness was permitted to testify in regard to how much plaintiffs paid for cutting the logs at the rate of $2 per thousand. The real controversy being as to the quality of the timber, in any event the defendant was not prejudiced in the least by the testimony. There was no error in such ruling. There is no merit in the exception to the allowance of the testimony tending to show how

much timber an individual laborer cut and was paid for, and how much a truck driver hauled to defendant's factory.

2, 3. Defendant moved the court to strike out all the plaintiffs' evidence as to the amount of logs delivered at defendant's mill. This testimony was partially founded upon an actual scale of all the logs and a count of those remaining on the land. The motion was properly denied. In the cross-examination of Mr. Seabrook, defendant's counsel sought to show that before the contract in suit was made plaintiffs and defendant had another contract for cutting and hauling logs. Upon an objection by plaintiffs the court rejected the testimony, and we think properly. This testimony sought to be introduced was not germane to any of the issues in the pleadings and would only tend to confuse the jury.

4. At the close of plaintiffs' testimony defendant interposed a motion for a nonsuit as to the second cause of action, which the court refused for the reason the cost of cutting the 100,000 feet of logs, which were not delivered, was embraced in the second cause of action. The judge, however, informed counsel that he would instruct the jury that plaintiffs could not recover for any loss of profits. This instruction was given to the jury.

There was no error in denying the motion for a partial nonsuit. The case was carefully tried, the parties were both given full opportunity to give all the details of their respective claims. The jury seems to have reached a mean, and we hope a golden one.

We find no legal reason for disturbing the verdict. The judgment is affirmed.                    AFFIRMED.